■ In the Matter of JOHN UMLAND, Appellant, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Respondents. (Proceeding No. 1.) In the Matter of JOHN UMLAND, Appellant, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Respondents. (Proceeding No. 2.)—In a proceeding to invalidate a petition designating the petitioner Frank Sansivieri, Jr. as a candidate in the Democratic Party primary election to be held on September 15, 1988 for the public office of New York State Senator from the 15th Senatorial District and in a proceeding to invalidate a petition designating the petitioner as a candidate in the Democratic Party primary election to be held on September 15, 1988, for the party position of Male District Leader in the 38th Assembly District, Part B, the appeal is from two judgments of the Supreme Court, Queens County (Cohen, J.), both dated August 16, 1988, which dismissed the respective proceedings.

Ordered that the judgments are affirmed, without costs or disbursements.

The appellant challenges the respective petitions herein on the ground that approximately 350 signatures contained in each petition were obtained by the candidate's sister-in-law, Linda Sansivieri, who, the appellant alleges, did not reside at "62-07 64th Street" in Queens, the address she listed on the subscribing witness's statements as required by Election Law § 6-132 (2). That subdivision requires, *inter alia,* that a subscribing witness be a resident of the political subdivision in which the office or position is to be voted for. The appellant contends that the candidate was aware of this fraudulent representation made by his sister-in-law and, thus, both petitions must be invalidated in their entirety. We disagree with the appellant's contention and, accordingly, affirm the Supreme Court's determination that Linda Sansivieri maintained a residence at the premises in question.

The testimony adduced at the hearing established that the Sansivieri family residence is located at 62-07 64th Street which is a building containing four apartments. In 1975 when

Linda Sansivieri married her husband, Angelo, the candidate's brother, Angelo resided in the first-floor apartment of the building. Angelo's parents and other family members resided and continue to reside in the second-floor apartment. The candidate resides in the basement apartment. The third-floor apartment is rented to a third party. Linda's and Angelo's voting registrations have been at that residence continuously since 1977 and 1974 respectively. Linda also uses that address as an employee of the New York State Assembly.

A short time after their marriage, Linda and Angelo purchased a home located at 88-58 Aubrey Avenue in Queens County which is outside the Assembly district in which the voting takes place for the party position the candidate is currently seeking. The Sansivieris maintain utility accounts for that address and list that address on their driver's licenses, automobile registrations and income tax returns. The school records for the couple's three children also list the Aubrey Avenue address.

Despite their purchase of the Aubrey Avenue home, however, the Sansivieris continued to utilize the first-floor apartment at the 64th Street location. Linda testified that since her marriage, she has lived at the 64th Street address for intermittent periods, as warranted by family needs including health problems, child care and financial pressures. Significantly, the first-floor apartment has never been occupied by or rented to any one other than the Sansivieris and their three children. Notably, Linda estimated that she has spent half of her time at the 64th Street address in the past years and that she considers it her home.

On the basis of this record, we find that there is sufficient evidence to support the finding of the Supreme Court that Linda Sansivieri has residences at both the Aubrey Avenue address and the 64th Street address. Election Law § 1-104 (22) defines the term "residence" as "that place where a person maintains a fixed, permanent and principal home and which he, wherever temporarily located, always intends to return". Moreover, in *Matter of Ferguson v McNab* (60 NY2d 598, 600), the Court of Appeals recognized that a "candidate having two residences may choose one to which [he or] she has legitimate, significant and continuing attachments as [his or] her residence for purposes of the Election Law" *(see also, Matter of Gallagher v Dinkins,* 32 NY2d 839). The record herein clearly establishes that Linda Sansivieri has maintained legitimate, significant and continuing attachments to the 64th Street address since 1975 when she married her husband. Thus,

Linda Sansivieri acted properly in choosing that address as her residence for purposes of Election Law § 6-132 (2).

In view of the foregoing, we need not reach the appellant's remaining contentions. Mollen, P. J., Mangano, Thompson and Sullivan, JJ., concur.